Eastern District of Kentucky
**FILED**

NOV 4 - 2008

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-197-DLB

WAJAHAT N. SYED                                                                     PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

NORTHERN KENTUCKY WATER DISTRICT                              DEFENDANT

Plaintiff Wahajat Nazir Syed has filed a *pro se* employment discrimination complaint against the Northern Kentucky Water District [Record No. 1].[1] Syed asserts jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq* and under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1) ("the ADEA").

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment to cure such defects would not be permitted after dismissal.

---

[1] Syed lists his address as 1720 Millbrook Lane, Loveland, Ohio, 45140.

<u>DEFENDANT</u>

The plaintiff has named Northern Kentucky Water District ("NKWD") the sole defendant in this proceeding.

<u>CLAIMS AND RELIEF SOUGHT</u>

Syed alleges that the NKWD has discriminated against on the basis of his race, color, age, and religion. Syed states that he is a 62-year old Asian who observes the religion of Islam [Record No. 2, p.3, and Record No. 4, p.1].

Syed provides somewhat confusing information as to when he began working for the NKWD. First, he states that in June of 2005, the NKWD hired him to be its "Acting Controller" [Record No. 2, p.2]. He then states that on February 20, 2006, he was "made an employee of the water District and assigned a title of Sr. Accountant at a salary of $47,000.00, about $25,000.00 less than the Controller's salary" [*Id.*].

Syed alleges that the although the NKWD has required him to perform the functions of Controller, and although he has helped and trained most of the people in his department, the NKWD has refused to officially promote him to the position of Controller and pay him the salary commensurate with that position. Syed claims that Ron Lovan, the CEO of the NKWD, and both of the vice-presidents of Finance, (Jack Bragg and Ron Barrow), promised him that they would appoint him to the position of Controller. Syed alleges that the NKWD has denied him that the promotion on the basis of his race, color, age and religion and age [*See* Record No. 2, pp 2-3].

2

Syed further alleges that for the same reasons, his supervisors and co-workers have subjected him to a hostile work environment. He alleges that NKWD employees have verbally threatened and abused him on the basis of his religion, race, ethnicity and/or age.

On September 18, 2007, Syed filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") [*See* Record No. 4].  In his EEOC Charge, Syed alleged that the various acts of discrimination at the NKWD began occurring on December 22, 2006, which would have been approximately 270 days prior to the date on which he filed his EEOC Charge [*Id.*].[2]  In the EEOC Charge, Syed alleged that the latest date of discrimination occurred on September 13, 2007 [*Id*]. The EEOC did not issue the "Dismissal and Notice of Right-to-Sue Letter"until July 23,2008, Case No. 473-2007-01315 [Record No 2-2, p.1].

Syed asks for an Order: (1) directing the NKWD to appoint him to the position of Controller; (2) awarding him back pay in salary and benefits; and (3) directing the NKWD to remove the hostile environment.

---

[2]

In the complaint filed in this action, Syed alleges that the discrimination against him began occurring as far back as either June of 2005 or February of 2006. Kentucky is a "deferral state." Accordingly, under Title VII, Plaintiff Syed was required to have first filed his discrimination charges with the EEOC within 300 days of the alleged discriminatory acts prior to filing suit in this court. *See also Maurya v. Peabody Coal Co.*, 823 F.2d 933 (6th Cir. 1987)(noting that Kentucky is a deferral state with a 300-day limit).

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held that compliance with 42 U.S.C. § 2000e-5(d), which required charges to be filed with the EEOC within 90 days of the alleged unlawful employment practice (later extended to 180 days, and codified as § 2000e-5(e)), is not a jurisdictional prerequisite to suit in federal court, but is instead a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The Court will therefore not address this issue further at the initial screening stage.

DISCUSSION

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).  The Court will require the defendants to respond to Syed's discrimination claims asserted under Title VII.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual," or otherwise to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," on any the basis of age.  29 U.S.C. § 623(a)(1).    The Court will require the defendants to respond to Syed's age discrimination claims asserted under the ADEA.

### 3. Appointment of Counsel

In his cover letter to his filing docketed as Record No. 4, Syed states that he has not been able to find an attorney to represent him.  He states that he is " . . . not sure if the Court can assist me in this regard!" [Record No. 4-2].  The Court broadly construes this statement as a request for the appointment of counsel.

Civil litigants do not have a right, either constitutional or statutory, to counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.1992). The Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

4

A district court exercises its discretion in evaluating these factors, and its decision will be reversed "only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

At this time, the Court is unable to conclude that the appointment of counsel is warranted. The construed motion will be denied without prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Wahajat Nazir Syed's claims concerning alleged age discrimination asserted under the ADEA, and other forms of race and religious discrimination asserted under Title VII, may proceed.

(2)     The plaintiff's motion for the appointment of counsel [Record No. 4-2] is **DENIED WITHOUT PREJUDICE**.

(3)     The Clerk of the Court is directed to issue summons for the Northern Kentucky Water District.

(4)  The plaintiff shall be responsible for proper service of the summons and complaint under the Federal Rules of Civil Procedure, paying particular attention to   **all** applicable provisions of Fed. R. Civ. P. 4.

(5)  The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in  dismissal**.

5

(6)  For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the  original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

(7)  This proceeding, 08-CV-197-DLB, is referred to Magistrate Judge Edward B. Atkins pursuant to 28 U.S.C. § 636(b)(1)(A) for all further proceedings  and disposition, and is no longer referred to the Pro Se Office. The Clerk of the Court is directed to make the appropriate administrative referral notation(s) in the CM/ ECF docket sheet.

This __3rd__ day of November, 2008.

Signed By:

Danny

District Judge

6