UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 08-197-DLB

WAJAHAT N. SYED,                                                                                          PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
              AND RECOMMENDATION**

NORTHERN KENTUCKY WATER DISTRICT,
RON LOVAN,
JACK BRAGG,
RON BARROW,
BOB BUHRLAGE,
TRACY HEMAN,                                                                                              DEFENDANTS.

## I. INTRODUCTION

Plaintiff, Wajahat N. Syed, has filed a *pro se* complaint against his employer, the Northern Kentucky Water District, and several of its employees, asserting discrimination claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and KRS Chapter 344, the Kentucky Civil Rights Act. [R. 64]. Now before the undersigned is the motion of Defendants Ron Lovan, Jack Bragg, Ron Barrow, Bob Buhrlage, and Tracy Heman [hereinafter collectively referred to as "the employee Defendants"] to dismiss Syed's claims against them, pursuant to Fed.R.Civ.P. 12(b)(6). [R. 20]. Because the movants have demonstrated beyond doubt that Syed can prove no set of facts in support of his claims against them, the undersigned recommends that the Motion to Dismiss [R. 20] be GRANTED.

## II. ANALYSIS

An individual employee/supervisor, who does not otherwise qualify as an "employer," may

not be held personally liable under Title VII, KRS Chapter 344, or the ADEA See Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997) (holding that an individual employee/supervisor may not be held personally liable under Title VII or KRS Chapter 344); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994) (holding that an individual employee may not be held personally liable under the ADEA).  In the present action, the employee Defendants are not the Plaintiff's "employer," and thus are not the proper defendants in this action. Because Syed can prove no set of facts in support of his claims against the employee Defendants, their Motion to Dismiss [R. 20] should be granted.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the undersigned hereby recommends that the employee Defendants' Motion to Dismiss [R. 20] be GRANTED.

The parties have until MAY 29, 2009, to file specific objections to this Report and Recommendation, or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(c); Rule 72(b), Fed. R. Civ. P.

Signed May 19, 2009.



**Signed By:**

*Edward B. Atkins*  𝓔𝓑𝓐
**United States Magistrate Judge**