UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-197-DLB

WAJAHAT N. SYED,                                                                                         PLAINTIFF,

V.   **MAGISTRATE JUDGE'S REPORT
     & RECOMMENDATION**

NORTHERN KENTUCKY WATER DISTRICT,                                           DEFENDANT.

I. INTRODUCTION

In this action, Wajahat N. Syed alleges that he was the target of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Kentucky Civil Rights Act, KRS Chapter 344. [R. 2; R. 64]. Now before the Court on Defendant's Motion for Summary Judgment [R. 54], the matter is ripe for review. For the following reasons, the Court will recommend that Defendant's Motion for Summary Judgment [Id.] be granted.

II. FACTUAL BACKGROUND

Syed, an adult male of Pakistani descent and an adherent of the Islamic religion, began working for the Northern Kentucky Water District ["the District"] in June 2005. [R. 61 at 10-11]. Hired as a temporary employee on a trial basis, his job was to perform various accounting duties for the District's finance department. [R. 54-2 at 3-4]. The District indicated during Syed's initial interview that he would be filling in for the departing Controller until it decided whether he was suitable for the position. [R. 56 at 16]. Syed informed the District of his desire to become the regular, full-time Controller. [R. 54-2 at 5].

In October 2005, the District hired a new Vice President of Finance, Jack Bragg ["Bragg"]. [Id. at 4]. The District's practice had been to reassess departments upon staff departures. [Id.]. Accordingly, the District directed Bragg to re-assess the finance department, and determine appropriate staffing. [Id.]. Syed was informed that Bragg would be making decisions regarding staffing in the finance department, and he continued to work as a temporary employee during Bragg's assessment. [Id. at 4; R. 56 at 26-27].

During a meeting with Syed on December 5, 2009, District President Ron Lovan ["Lovan"] stated that he would not hire Syed as a controller, desiring a "younger" CPA who could be groomed into the position of Vice President, and advised Syed to seek another position outside the District. [R. 56 at 7; R. 61 at 15; R. 64-2 at 5-6]. The next day, Syed informed the District in an email that he would be seeking employment elsewhere. [R. 56-10 at 1; R. 61 at 16].

Although Syed announced his intention to pursue alternative employment, Bragg wanted to retain Syed as a regular, full-time employee. [R. 54-5 at 2]. In February 2006, Bragg completed his assessment of the finance department deciding not to hire a Controller, but offered Syed full-time employment as a Senior Accountant, which Syed accepted on February 20, 2006. [Id.].

In September 2006, Syed spoke with Bragg again about becoming the Controller, who reluctantly agreed to discuss the matter with Lovan. [R. 61 at 17-18]. Shortly thereafter, Syed alleges that the District stripped him of various duties, encouraged disrespect towards him, and added negative remarks to his annual evaluation. [Id.; R. 64-1 at 3]. He also claims that he was subjected to a number of remarks reflecting animus toward his religion, race, and national origin. [R. 64-1 at 3; R. 64-2 at 11]. In late 2006, Syed complained internally to the District over not being hired as Controller, as well as his stressful work environment. [R. 56-2 at 30-31; R. 56-11 at 22-23].

### III.  PROCEDURAL BACKGROUND

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ["EEOC"] on September 18, 2007 [R. 4], and received a right-to-sue letter on July 23, 2008. [R. 2-2].  On October 21, 2008, he brought the present action, asserting violations of Title VII of the Civil Rights Act of 1974 ["Title VII"] and the Age Discrimination in Employment Act of 1967 ["ADEA"].  [R. 2-1].  His claim is that he was denied the Controller position because of his age, race, and religion, and that he was subjected to a hostile-work environment.  On May 19, 2009, Syed filed an amended complaint, asserting an additional violation of the Kentucky Civil Rights Act ["KCRA"], KRS Chapter 344.  [R. 64].

The District moved for Summary Judgment on all of Plaintiff's claims on April 14, 2009.  [R. 54].  The parties have briefed the relevant issues, and the matter is ripe for review.

### IV.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

While the court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the non-moving party cannot avoid summary

judgment merely by resting on the pleadings. See Celotex, 477 U.S. at 324. Instead, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" Dixon v. Gonzales, 2007 WL 750532 (6th Cir. 2007) (citing Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). Thus, where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 586-87.

Additionally, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "[t]he nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

## V. ANALYSIS

Syed's complaint asserts violations of Title VII, the ADEA, and the KCRA. His claims will be analyzed below under Title VII, as suits under the ADEA and the KCRA employ the same standards as Title VII. See Erwin v. Potter, 79 Fed.Appx. 893, 896 (6th Cir. 2003); Ford v. General Motors Corp., 305 F.3d 545, 553 (6th Cir. 2002).

**(A)  Plaintiff's Claim That He was Denied the Position of Controller Because of His Age, Race, and Religion**

Defendant argues that Plaintiff's failure-to-promote claim is time barred because he did not file a timely charge of discrimination with the EEOC. [R. 54-2 at 7]. The Court agrees.

4

It is well established that a plaintiff must file a timely charge of discrimination with the EEOC before bringing a Title VII claim in federal court. See Dickerson v. Associates Home Equity, 13 Fed.Appx. 323, 323-24 (6th Cir. 2001) (unpublished) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973)). A charge of discrimination is "timely" if it is filed within one hundred and eighty (180) days of the alleged unlawful practice, or within three hundred (300) days if the plaintiff "initially instituted proceedings with a [s]tate or local agency with authority to grant or seek relief from such practice." See 42 U.S.C. § 2000e-5(e)(1). Here, Syed did not initially institute proceedings with a state or local agency. Thus, the 180 day limitations period is applicable.

"[I]n the Title VII context, the limitations period begins to run when the adverse employment decision is *communicated* to the plaintiff..." Dixon v. Gonzales, 481 F.3d 324, 330-31 (6th Cir. 2007) (emphasis added); see also EEOC v. United Parcel Service, Inc., 249 F.3d 557, 561-62 (6th Cir. 2001) (explaining that Title VII's limitations period "does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee. Once the employee is aware or reasonably should be aware of the employer's decision, the limitations period commences.") (emphasis added) (citing Delaware State College v. Ricks, 499 U.S. 250 (1980)). In the present action, the limitations period began to run on December 5, 2005. It was on this date that District President Lovan told Syed that he wanted a "younger" CPA who could be groomed as Controller and would therefore not hire Syed for the position. [R. 56 at 9-10; R. 61 at 15; R. 64-2 at 5-6]. As Plaintiff did not file a charge of discrimination until September 18, 2007, well over 180 days after he learned of the adverse employment decision, his failure-to-promote claim is time barred. [R. 4]. Accordingly, the Court recommends that Defendant's motion for summary judgment be granted with respect to the failure-to-promote claim.

**(B)     Plaintiff's Claim of Hostile Work Environment**

Plaintiff claims that following his conversation with Vice President of Finance Bragg in September 2006 about becoming the Controller, the District subjected him to a hostile work environment. [R. 64 at 3]. He alleges, among other things, that he was denied access to bank accounts which most employees in the finance department enjoyed as a matter of routine, that District President Lovan consciously avoided him, that he was once shown "the finger" by Accounting Assistant Tracy Henman, and that he was subjected to a number of remarks reflecting animus toward his religion, including being called a "muslim terrorist." [see R. 61 at 29-30; R. 64 at 3; 64-2 at 6-7, 11-12; R. 56-4 at 231-35].

To establish a prima facie case of hostile work environment based on race, religion, or national origin, a plaintiff must show that: (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race, religion, or national origin; (4) the harassment affected a term, condition, or privilege of his employment; and (5) the existence of employer liability. See McNeail-Tunstall v. Marsh USA, 307 F.Supp.2d 955, 970 (W.D.Tenn.2004); see also Moore v. Kuka Welding Systems & Robot Corp., 171 F.3d 1073, 1078-79 (6th Cir. 1999). The parties take no issue on the Plaintiff's ability to create a question of fact regarding the first three factors: that Syed belongs to a protected group; was subject to unwelcome harassment based upon race, religion, or national origin. However, the Defendant asserts that no genuine issue of material fact exists with respect to the fourth and fifth elements. [R. 54-2 at 9-11]. These arguments will be addressed in turn.

**(1)     Whether the Alleged Harassment Affected a Term, Condition, or Privilege of Plaintiff's Employment**

To satisfy the fourth element of the prima facie case of hostile work environment, Plaintiff must show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation and citation omitted). The test has an objective and subjective component: "the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive." Bowman, 220 F.3d at 463. When determining whether a work environment is hostile or abusive, the Court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance. Thornton v. Federal Express Corp., 530 F.3d 451, 455 (6th Cir. 2008) (citing Jackson v. Quanex Corp., 191 F.3d 647, 658 (6th Cir. 1999).

Here, Plaintiff raises a genuine issue of material fact as to whether the alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment. Syed claims that while working for the District, he was denied access to bank accounts which others in the finance department enjoyed as a matter of routine, excluded from company-wide safety exercises, shown "the finger," called a "muslim terrorist," and subjected to numerous remarks which he argues reflected animus toward his religion, race, and national origin. [Rs. 56-4 at 231-35, 61 at 29, 64 at 3, 64-2 at 3-11]. Viewing the totality of the circumstances in the light most favorable to Plaintiff, a rational jury could find that the hostile work environment was sufficiently severe or pervasive to alter the terms of his employment. Accordingly, a genuine issue of material fact exists with respect

to the fourth element of Syed's prima facie case. See generally Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 721 (2d Cir. 1994) ("It is only when no rational jury could find in favor of the nonmoving party, that it can be said that there is no genuine issue of material fact and summary judgment properly may be granted to the moving party.") (internal citation omitted).

### (2) Whether the District is Liable for the Alleged Harassment

"To satisfy the fifth prong of the prima facie case [of hostile work environment], employer liability, what a plaintiff must show differs depending on whether the harassment was carried out by co-workers or supervisors." Barret v. Whirlpool Corp., 556 F.3d 502, 516 (6th Cir. 2009). Thus, in order to determine whether a genuine issue of fact exists with respect to the fifth prong, it must first be determined whether Syed's alleged harassers were co-workers or supervisors. Plaintiff alleges that the following individuals created his hostile work environment: Accounting Assistant Henman, Senior Accountant Barrow, Human Resources Manager Buhrlage, District President Lovan, and Vice President of Finance Bragg. [see R. 64 at 3; R. 61 at 28-35]. He asserts that all except Accounting Assistant Henman "have or had supervisory responsibilities as their primary function." [see R. 61 at 42].

The Sixth Circuit has held that a supervisor is an individual "who serves in a supervisory position *and exercises significant control over the plaintiff's hiring, firing or conditions of employment.*" See Summerville v. Ross / Abbot Laboratories, No. 98-3517, 1999 WL 623786, at *7 (6th Cir. Aug. 18, 1999) (unpublished table decision) (emphasis added) (citing Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 803 (6th Cir. 1994)). Here, the record reflects that District President Lovan and Vice President of Finance Bragg easily satisfy this definition. Therefore, the Court will treat these individuals as supervisors. However, with respect to Senior

Accountant Barrow and Human Resources Manager Buhrlage, there is nothing in the record to establish that they exercised significant control over Syed's hiring, firing or conditions of employment, other than Syed's conclusory statement that they worked in a supervisory capacity. "[C]onclusory assertions are not sufficient to show a genuine issue of fact necessary for the denial of summary judgment." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 343 (6th Cir. 1993); see also Summerville, 1999 WL 623786 at * 7-8 (rejecting Title VII plaintiff's argument that her alleged harasser was a supervisor when she "introduced nothing to establish this except for the conclusory statement in her affidavit...") (citing Moore). Because the record does not support Plaintiff's assertion that Barrow and Buhrlage were supervisors, the Court will treat them as co-workers.

### (a) Alleged Harassment from Co-workers Henman, Buhrlage, and Barrow

In support of his claim of co-worker harassment, Syed alleges that Accounting Assistant Henman once showed him "the finger," that Human Resources Manager Buhrlage told him that "Europeans know how to deal with you people" in reference to a terrorist event, and that Senior Accountant Barrow subjected him to numerous offensive remarks, including calling him a "muslim terrorist." [see R. 56-4 at 51-56; R. 64 at 3; R. 64-2 at 7, 11-12]. For an employer to be liable for harassment carried out by a coworker, a plaintiff must show that the employer (1) knew or should have known of the charged harassment and (2) failed to implement prompt and appropriate corrective action. See Barrett, 556 F.3d, at 516 (internal citation omitted). Plaintiff has failed to raise a genuine issue of material fact with respect to the required showing.

As it relates to Accounting Assistant Henman and Human Resources Manager Buhrlage,

9

Plaintiff has introduced nothing to establish that the District knew or should have known of the alleged harassment. Indeed, the record reflects that in the meetings following his internal complaint, Syed failed to make any allegations of harassment against Henman or Buhrlage. [see generally Rs. 56-11, 56-12, 56-13]. Therefore, no genuine issue of material fact exists with respect to the first prong of the required showing.

As it relates to Senior Accountant Barrow, Syed has failed to carry his burden under the second prong of the required showing. The record clearly reflects that after Syed notified the District of Barrow's alleged harassment [see R. 56-11 at 35], the District promptly conducted an investigation and warned Barrow that any inappropriate conduct in the future would result in his immediate termination. [see R. 56-11 at 37-42; R. 56-12 at 23-29]. Such a response constitutes prompt and appropriate corrective action. See Collette v. Stein-Mart, Inc., 2005 WL 293662 (6th Cir. Feb. 8, 2005) ("The most significant immediate measure an employer can take in response to a sexual harassment complaint is to launch a prompt investigation to determine whether the complaint is justified.") see also Wilson v. Dana Corp., 210 F.Supp.2d 867, 883 (W.D.Ky. 2002) (where employer issued warnings to employees who were merely alleged-but not proven-to have engaged in racist activity, no reasonable inference could be drawn that employer tolerated or condoned any harassing conduct).

Because Plaintiff has failed to raise a triable issue of fact as to his claim of coworker harassment, the Court recommends that Defendant be granted summary judgment thereon.

**(b)   Alleged Harassment from Supervisors Lovan and Bragg**

Under Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 808 (1998), an employer is vicariously liable for supervisor harassment

if the harassment "culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." However, when a supervisor's harassment does not result in a tangible employment action, the employer may raise an affirmative defense to liability. Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807. This affirmative defense requires the employer to prove by a preponderance of the evidence (1) "that [it] exercised reasonable care to prevent and correct promptly any...harassing behavior," and (2) "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807.

In the present action, the Ellerth/Faragher affirmative defense is available because Plaintiff has failed to show that the alleged harassment culminated in a tangible employment action. According to Syed, he learned of the tangible employment action of which he complains - the District's failure to promote him to the position of Controller - on December 5, 2005. [see R. 61 at 15; R. 64-2 at 5-6; R. 56 at 9-10]. He further relates that the alleged harassment began shortly after his September 2006 conversation about the position of Controller with Vice President of Finance Bragg. [R. 61 at 17-18]. Thus, the tangible employment action preceded the onset date of Syed's alleged harassment by approximately nine (9) months. Because the alleged harassment did not culminate in a tangible employment action, the District may assert the defense to liability set forth in Ellerth and Faragher.

The District has established that no question of material fact exists as to either element of the affirmative defense. With respect to the first element, the record reflects that the District maintained anti-harassment policies with a complaint procedure [R. 56-11 at 4-7], provided a copy thereof to Plaintiff [R. 56-11 at 2], and that Plaintiff understood he had a right to complain internally about

11

discrimination. [R. 56-3 at 8-9]. In light of the foregoing, the Court concludes that Plaintiff presents no factual issue regarding whether the District exercised reasonable care to prevent and correct promptly any harassing behavior. See Collete v. Stein-Mart, Inc., 126 Fed.Appx. 678, 685 (6th Cir. 2005) (unpublished) ("We have elaborated that giving employees written notice of [anti-harassment] policies and how they are enforced constitutes an adequate general preventive measure.") (internal citation omitted); see also Adams v. O'Reilly Automotive Inc., 538 F.3d 926, 929 (8th Cir. 2008) ("Proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance, but distribution of a valid antiharassment policy provides compelling proof that an employer exercised reasonable care in preventing and promptly correcting...harassment.") (internal citation and quotation marks omitted).

With respect to the second element of the affirmative defense, Syed made no allegations of harassment by District President Lovan or Vice President of Finance Bragg in either his internal complaint [R. 56-11 at 22-23] or the meetings which followed. [see generally Rs. 56-11, 56-12, 56-13]. As Plaintiff offers no reason for failing to complain about the alleged supervisor harassment, the Court concludes that no factual issue exists, and the only evidence of record shows that he unreasonably failed to take advantage of the corrective opportunities provided by the District.

No genuine issue of material fact exists as to either element of the Ellerth-Faragher affirmative defense, and the Court recommends that the District be granted summary judgment on Syed's claim of supervisor harassment.

In summary, there is no question of fact on the issue of employer liability. Regarding the claim of co-worker harassment, Plaintiff has introduced nothing to show that the District knew or should have known of alleged harassment by Henman and Buhrlage [see generally Rs. 56-11, 56-12,

56-13], and the record is clear that the District took prompt and appropriate corrective action upon learning of the alleged harassment by Barrow. [see R. 56-11 at 37-42; R. 56-12 at 23-29]. Regarding the claim of supervisor harassment, the Ellerth-Faragher affirmative defense is available because Syed has failed to show that the alleged harassment culminated in a tangible employment action. Finally, because Plaintiff fails to create a factual issue regarding whether the District exercised reasonable care to prevent and correct promptly any harassing behavior, and whether he unreasonably failed to take advantage of the corrective opportunities provided by the District, the Defendant is entitled to summary judgment.

## VI. CONCLUSION

Accordingly, and for the forgoing reasons, its is RECOMMENDED AS FOLLOWS:

(1) Defendant's Motion for Summary Judgment [R. 54] be GRANTED.

(2) Plaintiff's Motion to Reconsider Order and Motion to Compel Defendants to Disclose/Produce Documents [R. 74] be DENIED AS MOOT.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Signed January 7, 2010.



Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**