**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 08-197-DLB**

**WAJAHAT N. SYED**                                                          **PLAINTIFF**

**vs.**                                 **MEMORANDUM ORDER**

**NORTHERN KENTUCKY WATER DISTRICT**                        **DEFENDANT**

\*    \*    \*    \*    \*    \*    \*

Plaintiff Wajahat N. Syed alleges that he was the target of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Kentucky Civil Rights Act, K.R.S. Chapter 344 ("KCRA"). Plaintiff's employment discrimination claims are premised on failure to promote and hostile work environment theories of liability.

This matter is currently before the Court on the Magistrate's Report and Recommendation ("R & R") entered on January 8, 2010 (Doc. #77), Defendant's Motion for Summary Judgment (Doc. #54), Plaintiff's Motion for Reconsideration (Doc. #74), Plaintiff's Motion for Leave to File (Doc. #80), and Plaintiff's Motion for Sanctions (Doc. #81). The latter two motions were filed after Magistrate Judge Atkins issued his R & R, and were not addressed therein.

In his R & R, the Magistrate Judge recommends granting Defendant's summary judgment motion and denying as moot Plaintiff's motion to reconsider. Plaintiff timely filed objections to the R & R (Doc. #78), to which Defendant has responded (Doc. #79). Having

1

considered the entire record, and for the reasons that follow, Plaintiff's objections to the R & R (Doc. #78) are **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. #77) is **ADOPTED** as the findings of fact[1] and conclusions of law of this Court, Defendant's Motion for Summary Judgment (Doc. #54) is **GRANTED**, and Plaintiff's Motion for Reconsideration (Doc. #74) is **DENIED as moot**. Additionally, Plaintiff's Motion for Leave to File (Doc. #80) is **GRANTED**, and Plaintiff's Motion for Sanctions (Doc. #81) is **DENIED**.

## I.   ANALYSIS

### A.   Standard of Review

Objections to a report and recommendation are reviewed *de novo*.  28 U.S.C. § 636(b)(1).  However, the Sixth Circuit Court of Appeals has stated that "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Poorly drafted objections, general objections, or objections that require a judge's interpretation are ineffective and insufficient to preserve the right of appeal. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991). Pleadings prepared pro se, however, are held to a less stringent pleading standard, and are to be construed liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This rule of liberally construing pro se pleadings is extended,

---

[1]Because this Court is adopting the Magistrate's findings of fact, it is unnecessary to again recite the facts herein.  However, any fact required to sufficiently address Plaintiff's objections to the Magistrate's R & R will be presented and discussed.

by analogy, to pro se objections to a magistrate's recommendation.  *Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988); *see also Ratliff v. U.S.*, 999 F.2d 1023, 1026 (6th Cir. 1993). In the instant action, Plaintiff objected to the Magistrate's recommendation that summary judgment be granted on both his failure to promote and hostile work environment claims. The Court will address each objection in turn.

### B.    Syed's Objections Concerning Failure to Promote Are Overruled

Magistrate Judge Atkins recommends granting summary judgment for the Northern Kentucky Water District ("District") on the failure to promote theory because Syed failed to timely file a charge with the EEOC.  Before bringing a Title VII claim in federal court, a plaintiff must timely file a charge of discrimination with the EEOC.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *Dickerson v. Assocs. Home Equity*, 13 F. App'x 323, 323-24 (6th Cir. 2001).  A discrimination charge is timely filed under Title VII if it is filed within 180 days or if proceedings were initiated with a state or local agency, if the charge was filed within 300 days after the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  Magistrate Judge Atkins applied the 180-day limitations period, concluding the limitations period began on December 5, 2005, when Syed was told that the District President wanted a younger CPA for the Controller position and would therefore not hire Syed for the position.  Because Syed did not file his discrimination charge until September 18, 2007–652 days after the adverse employment decision was communicated to him–the Magistrate determined his failure to promote claim was time-barred.

### 1.      Objection #1: The Magistrate incorrectly concluded the limitations period commenced on December 5, 2005

Syed first asserts that Magistrate Judge Atkins incorrectly determined the date of the adverse employment action.  The Court disagrees.  According to Syed, his discussion with Lovan on December 5, 2005, marked the beginning of a period of ongoing harassment sufficient to invoke the continuing violation exception to Title VII's filing requirements such that Syed's conversation with Lovan was not a final employment decision.  Syed argues that he did not consider the December 5 conversation as ending all aspirations of promotion to the Controller position; he allegedly believed that a consistent quality performance would result in promotion.  He further contends that conversations with his superiors after December 5, 2005, support his belief that the Controller position was still attainable.  Contrary to the Magistrate's findings, Syed claims the final employment decision was communicated to him on March 20, 2007, during the last meeting regarding his internal complaints.  Accordingly, Syed argues that he filed his charge of discrimination well within the limitations period such that his failure to promote claim should not be dismissed.  This argument, however, lacks merit.

"[T]he limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee." *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *E.E.O.C. v. United Parcel Serv., Inc.*, 249 F.3d 557, 561 (6th Cir. 2001).  The limitations period commences "[o]nce the employee is aware or reasonably should be aware of the employer's decision." *United Parcel Serv.*, 249 F.3d at 562.  In *E.E.O.C. v. United Parcel Service*, a UPS driver was advised by his physician to move from central Texas to alleviate his severe allergies.

4

*Id.* at 559.  UPS refused his request for transfer, but communicated that if he resigned he would be rehired at the UPS location in Cincinnati.  *Id.*  Once in Cincinnati, the plaintiff was not rehired due to a company policy.  *Id.*  Plaintiff filed suit alleging discrimination under the Americans with Disabilities Act, claiming failure to transfer and failure to hire.  *Id.* at 559-60.  The district court granted summary judgment on the failure to transfer claim because the driver's charge of discrimination was untimely filed.  *Id.*

On appeal, the Sixth Circuit considered the failure to transfer and failure to rehire claims together as the two claims were part of an ongoing process to find reasonable accommodations for the truck driver.  *Id.* at 562.  Viewing the two claims in tandem, the Sixth Circuit found the adverse employment action occurred when the truck driver was not rehired in Cincinnati because the truck driver could not have reasonably known that his disability would not be accommodated until he was denied employment.  *Id.*

In this case, the Magistrate Judge correctly concluded that the adverse employment action occurred on December 5, 2005.  On that date, Syed was informed that the District President wanted a younger CPA, that he would not be hired as the Controller, and that he should seek outside employment (Docs. #56; 61; 64, Ex. 2).  With that information, Syed reasonably should have been aware of his employer's decision.  Syed was told that he would not be hired as the Controller and was advised to seek alternative employment.  The decision not to hire Syed as Controller was reinforced in February 2006 when the Vice President of Finance decided not to hire a Controller.  (Doc. #54, Ex. 5).  Following this decision, on February 20, 2006, Syed accepted a job as a Senior Accountant.  (Doc. #54, Ex. 5).  A reasonable employee would have been aware that the Controller position was unavailable long before the internal complaint meeting on March 20, 2007.  Were this Court

5

were to accept Syed's contention that the District communicated its final employment action on March 20, 2007,  his claim would still fall outside the applicable 180-day limitations period as 182 days elapsed between March 20, 2007 and September 18, 2007.[2] Accordingly, this objection to the Magistrate's R & R is overruled.

### 2.    Objection #2: The Magistrate applied the incorrect limitations period

Next, Syed contends that Magistrate Judge Atkins applied the incorrect limitations period, arguing the 300-day filing period rather than the 180-day filing period should be applied in this case.  Pursuant to statute, the 300-day limitations period will apply if a plaintiff "initially institute[s] proceedings with a [s]tate or local agency with authority to grant or seek relief from such practice."  42 U.S.C. § 2000e-5(e)(1); *Maurya v. Peabody Coal Co.*, 823 F.2d 933, 934 (6th Cir. 1987).  Kentucky is a deferral state by virtue of its establishment of the Kentucky Commission for Human Rights ("KCHR")–a state agency with authority to grant relief  from unlawful employment practices.  *Maurya*, 823 F.2d at 934.  "In deferral states a claimant who files a claim with the state agency is given 300 days to file his claim with the EEOC."  *Id.*  Syed argues that *Maurya* stands for the proposition that the 300-day limitations period applies if the employee lives in a deferral state.  Although Syed is correct that Kentucky is a deferral state, he incorrectly advocates application of the 300-day limitations period on the basis of merely living in a deferral state.

Magistrate Judge Atkins correctly applied the 180-day limitations period because Syed did not first initiate proceedings with the KCHR.  The statute specifically provides that a charge of discrimination is timely if filed "within one hundred and eighty days after the

---

[2]Despite Plaintiff's assertion that the 300-day limitations period is applicable, the Court explains the appropriateness of the 180-day limitations period to the instant action in the following section.

alleged unlawful employment practice...except that in a case of an unlawful employment practice with respect to which the person aggrieved *has initially instituted proceedings* with a [s]tate or local agency with authority to grant or seek relief from such practice...within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (emphasis added).  The Sixth Circuit has interpreted the 300-day limitations period to apply only *if* the party claiming discrimination initially instituted proceedings with the state or local agency qualified to provide relief.  *See El-Zabet v. Nissan North Am., Inc.*, 211 F. App'x 460, 463 (6th Cir. 2006) (Court applied the 180-day limitations period even though Plaintiff lived in a deferral state because Plaintiff had not first initiated with the state agency qualified to provide relief for the employment discrimination claimed). *See also Jones v. Airco Carbide Chem. Co.*, 691 F.2d 1200, 1203 n. 4 (6th Cir. 1982) ("300-day filing period is applicable when state proceedings are initially instituted").  Consequently, Syed's reliance on *Maurya* is misplaced; simply living in a deferral state is inadequate to trigger application of the 300-day limitations period under 42 U.S.C. § 2000e-5(e)(1).  A Kentucky plaintiff reaps the benefit of the longer limitations period only if he first filed a charge of discrimination with the KCHR.  Because Syed never filed a claim with the KCHR, the 300-day limitations period is inapplicable and this objection is overruled.

Moreover, even if this Court applies the 300-day limitations period, Syed still failed to file a timely charge of discrimination.  As discussed previously, the adverse employment action was communicated to Syed on December 5, 2005, therefore, the period to file a charge of discrimination expired on October 2, 2006.  Syed, however, did not file his claim of discrimination until September 18, 2007, well beyond the 300-day limitations period articulated in the statute.

### 3.     Objection #3: The Magistrate failed to address the argument that failure to promote was a pretext for discrimination

Syed argues that the Magistrate Judge erred in failing to consider evidence of discrimination, specifically that elimination of the Controller position was a pretext for discrimination. Because the Magistrate correctly determined that Syed's failure to promote claim was time-barred, he did not address the substantive discrimination claim or the alleged evidence of pretext. There was no error in refusing to address the merits of a claim that is time-barred. Accordingly, this objection is overruled.

Notwithstanding the running of the limitations period, Syed has failed to establish a prima facie case of discrimination. To establish a *prima facie* case of discrimination for failure to promote, a plaintiff must show: (1) that he is a member of a protected class; (2) that he applied and was qualified for a promotion; (3) that he was considered for and denied the promotion; and that (4) other employees of similar qualifications who were not members of the protected class received promotions. *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003). Syed is unable to produce evidence in support of the fourth requirement. The District did not hire a Controller, which is fatal to Syed's claim that similarly qualified employees received promotions.

### C.     Syed's Objections Concerning Hostile Work Environment Are Overruled

Plaintiff claims that following his conversation with Vice President Bragg in September 2006 about the Controller position, the District subjected him to a hostile work environment. Syed's allegations of a hostile work environment stem from his denial of access to bank accounts accessible to most finance department employees, occasions wherein the District President consciously avoided him, enduring negative comments that

8

reflected animus toward his religion, and an incident in which Accounting Assistant Tracy Henman showed him the middle finger. (Docs. # 61; 64; 64, Ex. 2; 56, Ex. 4; 77). To establish a prima facie case of hostile work environment that relies on circumstantial evidence, a plaintiff must demonstrate that: (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race, religion, or national origin; (4) the harassment affected a term, condition, or privilege of his employment; and (5) the existence of employer liability. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009); *see also Ejikeme v. Violet*, 307 F. App'x 944, 949 (6th Cir. 2009). The parties conceded the existence of the first three elements, and the Magistrate Judge concluded that Plaintiff raised a genuine issue of material fact as to whether the alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment under the fourth element. (Doc. #54, Ex. 2; 77). However, the Magistrate concluded and this Court agrees, that Plaintiff failed to raise a triable issue as to the District's liability for the actions of its employees. Having failed to establish the fifth element, the Magistrate Judge recommended granting summary judgment in the District's favor on Syed's hostile work environment claim.

### 4.    Objection #4: The Magistrate failed to consider the continuing violation doctrine

Syed claims the Magistrate Judge erred in failing to consider all acts of harassment under the continuing violation doctrine. Syed argues that he was persistently denied promotion and because this denial persisted for multiple years, these acts should be considered a collective part of his alleged hostile work environment. As the District correctly points out, the continuing violation doctrine is an exception to Title VII's filing requirements. *Kettering v. Diamond-Triumph Auto Glass, Inc.*, 24 F. App'x 352, 356 (6th Cir. 2001). The

9

doctrine provides that when "there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Id.* (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000)). In *Kettering*, neither of the alleged incidents of harassment occurred within the limitations period such that the continuing violation doctrine was inapplicable. *Id.* at 356.

In this case, the continuing violation doctrine is irrelevant when considering Syed's hostile work environment claim. Unlike *Kettering*, some of Syed's alleged incidents of harassment fell within the limitations period, however, the Magistrate recommended summary judgment based on Syed's inability to establish a prima facie claim of hostile work environment. Accordingly, the applicability of the continuing violation doctrine to Syed's hostile work environment claim is irrelevant as summary judgment is appropriate on the merits. Because the hostile work environment claim is not time-barred, it is unnecessary to consider the exceptions to Title VII's filing requirements. This objection is therefore overruled.

> **5.    Objection #5: The Magistrate erred in concluding that Mr. Barrow and Mr. Buhrlage were co-workers, not supervisors**

Syed argues the Magistrate Judge erred in concluding that Senior Accountant Barrow and Human Resources Manager Buhrlage were designated as co-workers, rather than supervisors. This designation is significant because the Sixth Circuit has held that "[t]o satisfy the fifth prong of the prima facie case [of hostile work environment], employer liability, what a plaintiff must show differs depending on whether the harassment was carried out by co-workers or supervisors." *Barrett*, 556 F.3d at 516. For purposes of employer liability a supervisor is "an individual who serves in a supervisory position and exercises significant

control over the plaintiff's hiring, firing or conditions of employment." *Summerville v. Ross/Abbott Labs.*, No. 98-3517, 1999 WL 623786, at *7 (6th Cir. Aug. 10, 1999) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)).  The plaintiff bears the burden of offering evidence to establish that another employee exercised significant control over his hiring, firing, or employment conditions, and conclusory assertions are insufficient to meet this burden.  *Id.* at *8.

The plaintiff in *Summerville* asserted that she suffered workplace harassment from employees Carroll and Westfall.  *Id.* at *2.  The district court granted partial summary judgment for the defendants and the plaintiff dismissed the remaining claims with prejudice.  *Id.* at *4. On appeal, however, the plaintiff argued the district court erred in concluding that Westfall was a co-worker and not a supervisor.  *Id.* at *7. The only evidence that Westfall was plaintiff's supervisor was gleaned from her own affidavit.  *Id.* at *8.  Furthermore, the plaintiff's deposition indicated that Westfall was an hourly co-worker.  *Id.*  Although Ross/Abbott Laboratories conceded that Westfall was a crew leader, the record did not establish that Westfall–as crew leader–exercised any supervisory power over plaintiff's employment or its terms.  *Id.*

Similarly in this case, Syed failed to provide evidence establishing that Barrow and Buhrlage were supervisors for purposes of employer liability.  Syed merely presented evidence that Barrow was present when he was hired, that he used to be a supervisor, and that he still retained the appearance of a supervisor.  As to Buhrlage, Syed asserts that he was present when Syed was hired and fired, and further, as a Human Resource manager he dictated the terms of Syed's employment.  However, Syed's mere allegation that Buhrlage  dictated the terms of his employment, without more, is insufficient to establish

11

supervisory status as to Buhrlage.  The evidence presented, at most, demonstrates that Barrow and Buhrlage undertook some administrative responsibility with respect to Syed's employment potentially comparable to that of a supervisor.  This, much like the designation "team leader" in *Summerville*, fails to establish that Barrow or Buhrlage had the ability to control or dictate the terms of Syed's employment.  *Id.* at *8.  Conclusory assertions are simply insufficient to support Syed's argument.  Accordingly, this objection is overruled.

> **6.      Objection #6: The Magistrate erred in determining the *Ellerth/Faragher* defense is available to the District**

Finally, Syed objects to Magistrate Judge Atkins' conclusion that the *Ellerth/Faragher* defense is available to the District.  The Supreme Court has held that an employer is vicariously liable for supervisor harassment if the harassment "culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).  However, an employer may raise an affirmative defense to liability if the harassment does not result in a tangible employment action.  *Id.*; *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998).  Thus, the affirmative defense implicitly requires a *causal link* between the alleged harassment and the tangible employment action.  For purposes of Title VII, a failure to promote is a tangible employment action.  *Allen v. Mich. Dep't of Corrs.*, 165 F.3d 405, 410 (6th Cir. 1999).

Syed argues the tangible employment action he suffered was the elimination of the Controller position and consequently his lack of promotion to that position.  Syed's objection, however, fails to articulate the causal link between the alleged harassment and the tangible employment action necessary for employer liability based on supervisor harassment. The record is devoid of evidence that would establish the alleged harassment culminated in a

12

tangible employment action.  As both the Magistrate Judge and the District point out, Syed was denied his promotion on December 5, 2005; approximately nine months before the alleged harassment in September 2006.  (Docs. #61; 64, Ex. 2; 56).  As the tangible employment action preceded the date of harassment in this case, it is a logical fallacy to assert a supervisor's harassment culminated in the tangible employment action complained of.  Accordingly, this objection is overruled.

### D.    Syed's Motion for Sanctions is Denied

Syed filed a Motion to Sanction the District's attorney on two grounds.  First, Syed asserts that the District's attorney made deliberately false statements to the Court, specifically alleging that Syed sued his last three employers.  Second, Syed alleges that Defense counsel "knowingly submitted false affidavit/s from Bob Buhrlage."   In response, the District concedes they mistakenly alleged Syed sued his last three employers, correcting the statement to allege that Syed filed employment claims against three of his last four employers.  In support of its correction, the District cites Syed's deposition testimony where in response to being asked whether three of his last four employers were subject to some sort of complaint filed by him, Syed responded "[f]or justifiable reasons."  (Doc. #82, Ex. C). The District challenges the veracity of Syed's second allegation as he failed to provide any evidence that the information contained in Burhlage's affidavit is deliberately false.

Federal Rule of Civil Procedure 11(b)(3) requires parties presenting documents to this Court certify to the best of their knowledge "the factual contentions [contained therein] have evidentiary support."  Fed. R. Civ. P. 11(b)(3).  In this case, the District cited specific evidence in the record supporting their statements.  By contrast, Syed has failed to present any evidence to support his assertion that the District deliberately made false statements

13

to the Court.  Accordingly, as there is no basis for an award of sanctions in this instance, Syed's Motion for Sanctions is denied.

## II.    CONCLUSION

The Court's independent review of the record leads it to conclude that the Magistrate Judge correctly recommended granting Defendant's Motion for Summary Judgment after concluding Plaintiff's failure to promote claim was time-barred and that no genuine issue of material fact existed with respect to his hostile work environment claim.

Accordingly, **IT IS ORDERED** as follows:

1.    Plaintiff's objections (Doc. #78) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

2.    The Magistrate Judge's Report and Recommendation (Doc. #77) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

3.    Defendant's Motion for Summary Judgment (Doc. #54) is hereby **GRANTED**;

4.    Plaintiff's Motion for Reconsideration (Doc. #74) is hereby **DENIED AS MOOT**;

5.    Plaintiff's Motion for Leave to File (Doc. #80) is hereby **GRANTED** and shall be filed contemporaneously herewith;

6.    Plaintiff's Motion for Sanctions (Doc. #81) is hereby **DENIED**; and

7.    This matter is hereby dismissed and **STRICKEN** from the docket of the Court;

8.    A separate Judgment in favor of Defendant will be entered concurrently herewith;

14

9.      For the reasons set forth herein, as well as those contained in the Magistrate

Judge's well-reasoned R & R, the Court certifies that any appeal would not be

taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114

F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th

Cir. 1997).

This 23rd day of March, 2010.



Signed By:

_David L. Bunning_   𝒟ℬ

**United States District Judge**

G:\DATA\Opinions\Covington\2-08-197-Adopting-R&R Grant SJ.wpd